UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BESSIE MATTHEWS,

    Plaintiff,

v.                                  Case No. 8:18-cv-1038-T-CPT

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on the *Plaintiff's Uncontested Motion for Attorney's Fees*, filed pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. 22). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in April 2018, seeking judicial review of the Commissioner's decision denying her claims for Disability Insurance Benefits and Supplemental Security Income. (Doc. 1). On October 25, 2018, at the Commissioner's request, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Doc. 20). The Clerk entered Judgment in the Plaintiff's favor four days later. (Doc. 21).

The instant motion, filed on January 15, 2019, and unopposed by the Commissioner, followed. (Doc. 22).

II.

The Equal Access to Justice Act (EAJA or the Act) authorizes a court to award attorney's fees and costs to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was substantially justified or that special circumstances exist that make such an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). To warrant an award of attorney's fees and costs under the Act, three conditions must be met: (1) the party must file an application for fees within thirty days of the final judgment; (2) the party must qualify as the prevailing party; and (3) the government's position must not have been "substantially justified" and no other special circumstances must exist to make an award unjust. *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990)); 28 U.S.C. § 2412(d).

These conditions have been satisfied here, as the Commissioner effectively acknowledges by her lack of opposition. Thus, an award of fees under the Act is proper.

For purposes of determining the amount of such fees, the Act provides, in pertinent part:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess

of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Determination of the appropriate hourly rate involves a two-step process. First, the court must assess the market rate for similar services provided by attorneys of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). Second, if the prevailing market rate exceeds $125 per hour, the court must decide whether to adjust the hourly rate for inflation or some special factor. *Id.* at 1033-34.

The market rate during the relevant time period for the type of work at issue here is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee applications for work performed during and after 2016 typically have sought hourly rates ranging from $175 to more than $195. As a result, the hourly rate charged by competent attorneys in this market has, for some time, exceeded the statutory cap of $125. Accordingly, the Court finds it appropriate to deviate upward from the EAJA's base rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely calculate cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI). *See, e.g., Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009); *Morrison v. Astrue*, 2010 WL 547775, *2 (S.D. Fla. Feb. 12, 2010); *see also*

3

*Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting cases in various circuits using the CPI to determine hourly rate adjustments). The Court finds it reasonable here to use the CPI as a guide for calculating cost of living increases under the Act. *See* U.S. Dept. of Labor, Bureau of Labor Statistics, https://data.bls.gov/cgi-bin/surveymost.

Plaintiff's counsel seeks $3,136.90 in fees based on a total of 15.56 hours expended on this case in 2018 and 2019. (Doc. 22 at 2). Counsel submits an affidavit in support of her request itemizing the time spent on this case, as well as an affidavit in support of the reasonableness of her fees. (Docs. 23, 24). The requested attorney's fees are predicated for both years on an hourly rate of $201.60, which counsel states was calculated using the national CPI. (Doc. 22 at 4-5).

Upon due consideration of the matter, the Court finds that the total number of hours expended by Plaintiff's counsel is reasonable, and that the requested hourly rats—although at the high end—is within the rates permitted by the Act, as effectively conceded by the Commissioner. As a result, the Plaintiff is entitled $3,136.90 in fees for 15.56 hours expended on this case in 2018 and 2019.

### III.

In light of the above, it is hereby ORDERED:

(1)  The *Plaintiff's Uncontested Motion for Attorney's Fees* (Doc. 22) is GRANTED.

(2)  The Plaintiff is awarded attorney's fees in the amount of $3,136.90.

(3) In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this amount shall be made payable to the Plaintiff. If the government concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to the Plaintiff's attorney.

DONE and ORDERED in Tampa, Florida, this 24th day of January 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record